SHICK v. SCHLACHT.

DISMISSAL AND NONSUIT—COSTS—ABUSE OF DISCRETION.
    Denial of motion to vacate an order of dismissal of action at
    law for malpractice, which order had been entered because of
    nonpayment of costs for granting an extension of time within
    which to file a second amended declaration, constituted an
    abuse of discretion after removal of the reason for the order
    by vacating such costs.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 8, 1943. (Docket No. 10, Calendar
No. 42,276.) Decided September 7, 1943. Rehearing denied October 15, 1943.

Action by Irene Shick, by Simeon Cugell, her next
friend, against George F. Schlacht for injuries
caused by alleged malpractice. Case dismissed.
Plaintiff appeals. Reversed and remanded for further proceedings.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel on
application for rehearing), for plaintiff.

*Humphreys Springstun,* for defendant.

CHANDLER, J. Plaintiff filed her declaration on
July 19, 1940, seeking damages from defendant for
alleged malpractice on his part in failing to render
proper professional skill as a physician in connection with the birth of her twins. On May 2, 1942, an
amended declaration was filed, which contained two
additional counts, one for breach of warranty and

the other for assault and battery. Defendant's answer, filed May 11, 1942, contained a motion to dismiss on the ground that the first count of the amended declaration failed to state a cause of action and that the two additional counts set forth new causes of action which were barred by the statute of limitations.* After argument of the motion, the trial court entered an order on July 7, 1942, holding in accord with defendant's contentions, and granting plaintiff 15 days in which to amend, and providing that in default of such amendment the cause should stand dismissed.

Plaintiff did not file her second amended declaration until July 25, 1942, three days after the time allowed by the court. On July 31, 1942, defendant's attorney filed what was termed an ''affidavit of dismissal,'' which set forth the foregoing facts, and further, that as plaintiff had not filed her second amended declaration within 15 days as provided by the order of the court, the cause was therefore dismissed. In the meantime, defendant had also noticed a bill of costs for taxation, and which costs were taxed by the clerk in the amount of $15 on July 31, 1942.

On July 30, 1942, plaintiff filed a motion for an extension of time within which to file the second amended declaration to and including July 25, 1942, the date of the actual filing thereof. At the time of hearing this motion, the trial court stated orally that the motion would be granted on condition that plaintiff pay the $15 costs that had been taxed. The formal order entered on August 3, 1942, extending the time, contained no reference to the payment of costs as a condition to the entry of said order and was signed in the presence of and with the tacit

---

* See 3 Comp. Laws 1929, § 13976 as amended [Stat. Ann. § 27.605 as amended].—REPORTER.

consent, at least, of defendant's counsel. However, incorporated as a part of the record is a statement of the trial court wherein he says that he was under the impression that the costs were being paid by plaintiff's attorney at the time the order was signed, otherwise the said order would not have been entered by him. Two days after the entry of the order, plaintiff's counsel mailed defendant's counsel his personal check for the amount of the costs but payment thereof was refused by the bank upon which it was issued. Defendant's attorney then advised the trial court by letter of the failure of plaintiff to pay the costs, and a letter of the trial court in reply thereto, a copy of which was sent to plaintiff's counsel, authorized the preparation of an order of dismissal which order was entered on September 8, 1942. Plaintiff's attorney claimed that the copy of this letter received by him was the first knowledge he had that his check had not been paid and thereupon he delivered a certified check for the costs to the office of defendant's counsel.

Plaintiff filed a motion to vacate the order of dismissal which was denied on September 18, 1942. At the same time, an order was entered vacating the costs that had been theretofore taxed. This order was entered upon a motion made by plaintiff which was based upon the grounds that no legal authority existed for the taxation of said costs and that such taxation was premature.

Plaintiff appeals from the order denying her motion to vacate the order of September 8, 1942, dismissing the cause.

When the order extending the time within which to file the second amended declaration was entered, defendant's counsel was present in court and consented to the entry thereof. The formal order as entered contained no requirement that costs be paid

as a condition to its entry, and the costs in question were subsequently vacated. Plaintiff should not be deprived of her day in court because of nonpayment of costs which were held to have been illegally assessed against her and which she was not obligated to pay. The order of dismissal was entered because the costs had not been paid and after removing the reason for the order by vacating such costs, in our opinion, it was an abuse of discretion on the part of the trial court to refuse to vacate the order of dismissal.

The order of dismissal is vacated, and the cause remanded for further proceedings under the second amended declaration, with costs to appellant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.